FEINSTEIN, RAISS, KELIN
    & BOOKER, L.L.C.
100 Executive Drive, Suite 360
West Orange, New Jersey 07052
(973) 324-5400
tgoldstein@frkblaw.com
Attorneys for Defendants,
E Mortgage Management, LLC,
E Freedom Properties, LLC,
E Properties, LLC, Gregory Englesbe and
Joseph Spagnoletti

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| DEIDRE DAVIDSON a/k/a DEIDRA OAGUNJU,<br><br>          Plaintiff,<br><br>    vs.<br><br>CORNERSTONE BANK, E-MORTGAGE MANAGEMENT, LLC, E-FREEDOM PROPERTIES, LLC, E-PROPERTIES, LLC, GREGORY ENGLESBE and JOSEPH STAGNALETI,<br><br>          Defendants. | Civil Action No. 1:10-cv-02825- NLH JS<br><br>**JOSEPH SPAGNOLETTI'S ANSWER TO THE COMPLAINT AND E MORTGAGE MANAGEMENT, LLC, E FREEDOM PROPERTIES, LLC, E PROPERTIES, LLC, AND GREGORY ENGLESBE'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND E PROPERTIES, LLC'S AMENDED COUNTERCLAIM AND DEMAND FOR JURY TRIAL** |

Defendants, E Mortgage Management, LLC ("E Mortgage"), LLC, E Freedom,

Properties, LLC, ("E Freedom),  E Properties, LLC ("E Properties") incorrectly pled as

"E-Mortgage Management, LLC, E-Freedom Properties, LLC and E-Properties, LLC,

Gregory Englesbe ("Englesbe") and Joseph Spagnoletti, (improperly plead as Joseph

Stagnaletti) (collectively "Defendants") by way of Amended Answer and Answer to the Complaint filed by Deidre Davidson a/k/a Deidra Oagunju ("Plaintiff"), herein say:

**Introduction**

1.     Defendants admit that Plaintiff filed a Complaint against these Defendants

and another but deny all of the allegations, deny they engaged in any misconduct or violated any laws and that Plaintiff is entitled to any relief.

2.     Defendants deny for the reasons set forth herein that they are liable, individually, jointly or severally, to Plaintiff.

3.     The allegations contained in paragraph 3 of Plaintiff's Complaint contain a legal conclusion to which no response is necessary.  However, those allegations are denied.

**II.     Jurisdiction and Venue**

4.     The allegations contained in paragraph 4 of Plaintiff's Complaint are denied.  Defendants are not subject to 15 U.S.C. §1679. Further, E Freedom and E Mortgage were not in privity of contract with Plaintiff.  At all times, Englesbe and Spagnoletti were acting on behalf of E Properties and not in their individual capacity and therefore, are not personally liable to Plaintiff.

5.     The allegations contained in paragraph 5 of Plaintiff's Complaint are admitted.

### III.   Parties

6.      Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint. However, Defendants admit that Plaintiff previously owned and occupied the home located at 155 East Cliff Street, Somerville, New Jersey 08876 ("Property").

7.      The allegations contained in paragraph 7 of Plaintiff's Complaint are not directed to E Mortgage, E Freedom, E Properties and Spagnoletti and therefore, no response is required.  However, to the extent that the allegations of paragraph 7 are directed to them, those allegations are denied.  Englesbe admits that he is a member of the three (3) limited liability companies and denies that he exercises complete dominion and control to effect foreclosure rescue scams.  Englesbe denies that he is the CEO of those limited liability companies and denies the balance of the allegations.

8.      The allegations contained in paragraph 8 of Plaintiff's Complaint are not directed to E Freedom, E Properties, Englesbe and Spagnoletti and therefore, no response is required.  To the extent that a response is required, the allegations are denied.  E Mortgage denies all of the allegations contained in paragraph 8 except that it admits that it is a mortgage broker formed under the laws of the State of New Jersey and it maintains a principal place of business at the address set forth in Plaintiff's Complaint. E Mortgage did not act as a broker in the transaction between E Properties and Plaintiff and denies that any mortgage loan was made to Plaintiff.

9.      The allegations contained in paragraph 9 of Plaintiff's Complaint are not directed to E Freedom, E Mortgage and Spagnoletti, and therefore, no response is

required.   To the extent that a response is required, the allegations are denied.   E Properties and Englesbe deny all of the allegations contained in paragraph 9 except that it is admitted that E Properties is a limited liability company formed under the laws of the State of New Jersey and maintains a principal place of business at the address set forth in Plaintiff's Complaint.  E Properties admits it purchased Plaintiff's home from her.

10.     The allegations contained in paragraph 10 of Plaintiff's Complaint are not directed to E Mortgage, E Properties and Spagnoletti and therefore, no response is required.  To the extent that it is directed to E Mortgage, E Properties and Spagnoletti, those allegations are denied.   Englesbe and E Freedom deny all of the allegations contained in paragraph 10 except that they admit E Freedom is a limited liability company formed under the laws of the State of New Jersey and maintained a principal place of business at the address set forth in Plaintiff's Complaint.  E Freedom did not hold any escrow or serve as an escrow agent in the transaction between Plaintiff and E Properties.

11.     Defendants admit the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     Defendant Englesbe admits the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.     The allegations contained in paragraph 13 of Plaintiff's Complaint do not contain any facts to which a response is necessary.  To the extent, paragraph 13 of the

Complaint alleges that the defendants engaged in misconduct or violated any laws, those allegations are denied.

14. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint as the allegations contained therein are vague and confusing and seek a legal conclusion. Therefore, Defendants deny those allegations. At all times, Gregory Englesbe and Joseph Spagnoletti were acting within the scope of their authority and on behalf of E Properties. E Freedom and E Mortgage were not in privity of contract with Plaintiff.

15. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint as the allegations contained therein are vague and confusing and seek a legal conclusion. Therefore, Defendants deny those allegations. However, it is admitted that Gregory Englesbe and Joseph Spagnoletti were acting within the scope of their authority and on behalf of E Properties. Defendants deny that E Mortgage and E Freedom were in privity of contract with Plaintiff. Defendants deny that Defendants are alter egos of each other.

16. Defendants deny all of the allegations contained in Paragraph 16 of the Complaint and deny any liability to Plaintiff.

### IV.    Facts

17. The allegations contained in paragraph 17 of Plaintiff's Complaint are not directed to E Freedom, E Properties, Englesbe and Spagnoletti, and therefore, no response is required. However, to the extent that the allegations of paragraph 17 are

directed to them those allegations are denied.  E Mortgage denies all the allegations of paragraph 17.

18.  Defendants deny all the allegations contained in paragraph 18 of Plaintiff's Complaint.  However, it is admitted that Spagnoletti, who acted on behalf of E Properties, did speak with Plaintiff.  Any communication Plaintiff had with Spagnoletti was on behalf of E Properties.

19.  Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint.  However it is admitted that Spagnoletti spoke with Plaintiff and his communications with Plaintiff were on behalf of E Properties, not  E Mortgage.

20.  Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Complaint and therefore, deny the allegations.  However, it is admitted that Spagnoletti and Plaintiff did discuss Plaintiff's employment status at different times.

21.  Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint. Spagnoletti's communications with Plaintiff were on behalf of E Properties only.  E Mortgage denies it had any communication with Plaintiff and played any role in the transaction between Plaintiff and E Properties.  Further, E Properties did not offer to "hold" the house for Plaintiff. It offered to purchase the house from Plaintiff and allow Plaintiff to remain in the house as a tenant of E Properties for one year after the closing. The monies for rent for that year would be collected at closing and deposited into an account in Plaintiff's name. E Properties would be given by Plaintiff 12 post dated checks. During that year, the Plaintiff had the option to repurchase her home

from E Properties pursuant to the terms of the Option Contract executed by Plaintiff and E Properties.

22.    Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of Plaintiff's Complaint. However, it is admitted that Spagnoletti did communicate with Plaintiff throughout the transaction and at some point in time, Plaintiff was advised to come to the office of E Properties in Haddon Township to complete the closing.

23.    E Properties and Englesbe admit that Plaintiff met with Englesbe (who is a member of E Properties and E Mortgage), a title agent from Brightman Title and another male at the office of E Properties.  However, the meeting occurred on October 30, 2007 at 222 Haddon Avenue, Haddon Township, NJ and Defendants deny the remaining allegations contained in paragraph 23 of Plaintiff's Complaint.

24.    Defendants are without sufficient knowledge and information sufficient to form a belief  as to the truth of the allegations contained in paragraph 24 with respect to Plaintiff's "expectations" at the document signing.

25.    Defendants are without sufficient knowledge and information as to the truth of the allegations contained in paragraph 25 with respect to what Plaintiff had reviewed prior to October 30, 2007 and therefore, deny those allegations.  It is admitted that Plaintiff was sent documents prior to the closing. Plaintiff was provided with a contract of sale, option contract, lease agreement and a "disclosure" on October 30, 2007.  Plaintiff is referred to the terms of the lease agreement with regard to its

7

provisions.  Further, a number of disclosures were provided to Plaintiff on that date and as to the contents of those disclosures, the disclosures speak for themselves. Defendants deny that they provided to Plaintiff a "Notice to Title Company" agreeing that $47,752.00 would be paid to E Freedom by Plaintiff.  Defendants deny the remaining allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint.  No loan was provided to Plaintiff.

27.     Defendants are without sufficient knowledge and information as to form a belief as to the truth of the allegations contained in paragraph 27 of Plaintiff's Complaint.  However, Spagnoletti admits he had conversations with Plaintiff regarding her employment status.

28.     Defendants are without sufficient knowledge and information as to form a belief as to the allegations contained in paragraph 28 of Plaintiff's Complaint.  However, Spagnoletti, who was working on behalf of E Properties, admits he did tell Plaintiff that having a full-time job in addition to satisfying other criteria would be needed in order for her to qualify for any loan to repurchase the home.

29.     Defendants are without sufficient knowledge and information as to form a belief as to the truth of the allegations that Plaintiff received a letter from Lisa Atkins. However, Defendants deny the balance of the allegations of Paragraph 29 of the Complaint. Lisa Atkins was not an employee of E Properties. She was an employee of YCS.

8

30.     Defendants are without sufficient knowledge and information as to form a belief as to the truth of the allegations contained in Paragraph 30.

31.     Defendants are without sufficient knowledge and information as to the form a belief as to truth of the allegations contained in paragraph 31 of Plaintiff's Complaint. However, Spagnoletti admits he had conversations with Plaintiff regarding her employment status.

32.     E Mortgage and E Freedom admit their agents and representatives did not have any conversations with Plaintiff during that time period.  However, Englesbe, Spagnoletti and E Properties are without sufficient knowledge and information as to form a belief as the truth of the allegation that they did not contact Plaintiff between September 2008 and February 2009.  However, Englesbe and E Properties admit that Englesbe, acting on behalf of E Properties, contacted Plaintiff in February, 2009 by telephone regarding her arrears.

33.     E Properties and Englesbe admit the allegations contained in paragraph 33. However, Englesbe was acting on behalf of E Properties at all times and not in his individual capacity.  The allegations are not directed to the remaining Defendants and therefore, no response is necessary.

34.     Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's Complaint.   35.     Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     The allegations contained in paragraph 37 of Plaintiff's Complaint contain a legal conclusion to which no response is necessary.  To the extent the allegations seek a conclusion that Defendants constitute a credit repair organization as defined in 15 U.S.C. §1679 or fall within the ambit of 15 U.S.C. §1679 et seq, those allegations are denied. Further, to the extent that paragraph 37 of Plaintiff's Complaint alleges that Defendants engaged in misconduct or violated any laws, those allegations are denied by all Defendants.

## V.     Causes of Action

38.     Defendants' responses to the paragraphs above are incorporated by Reference as if fully set forth herein at length and below.

### COUNT I – Credit Repair Organizations Act ("CROA")

### (Plaintiff v. All defendants excluding Cornerstone Bank)

39.     Defendants repeat and reallege each and every response made in paragraphs 1 through 38 as if more fully set forth herein.

40.     The allegations contained in paragraph 40 of Plaintiff's Complaint contain a legal conclusion to which no response is necessary.  However, to the extent that paragraph 40 of Plaintiff's Complaint alleges that Defendants engaged in misconduct or violated any  laws, those allegations are denied.

41.     The allegations contained in paragraph 41 of Plaintiff's Complaint are denied by all Defendants.

42.     Defendants deny all of the allegations contained in paragraph 42 of Plaintiff's Complaint.  E Properties purchased Plaintiff's home from her and leased it to her for one year with the option to repurchase the home pursuant to the terms of an option contract she signed.

43.     The allegations contained in paragraph 43 of Plaintiff's Complaint contain a legal conclusion to which no response is necessary.  However, all of those allegations are denied.

## COUNT II

### Fraud/Fraudulent Misrepresentation

(Plaintiff v. All defendants excluding Cornerstone Bank)

44.     Defendants repeat and reallege each and every response made in paragraphs 1 through 43  as if more fully set forth herein.

45.     Defendants deny the allegations contained in paragraph 45 of Plaintiff's Complaint.  At all times, Spagnoletti acted on behalf of E Properties.  Plaintiff signed a contract of sale conveying her Property to E Properties. She also signed a lease, which allowed her to remain in the Property with her rent fully paid for a year.   She also had the option to repurchase her home pursuant to the terms of the option contract. Finally, she signed documents acknowledging that she understood that she was transferring ownership of her Property to a purchaser that will give her the option to repurchase her home.

46.     Defendants deny the allegations contained in paragraph 46 of Plaintiff's Complaint.

11

47.     Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint.   E Freedom and E Mortgage were not in privity of contract with Plaintiff. Further, E Properties rescued Plaintiff's home from foreclosure. E Properties allowed her to live in the Property for one year after the closing and allowed her the option to repurchase the Property from E Properties pursuant to the terms of the option contract. Had E Properties not purchased her home from her, Plaintiff would have lost it in the foreclosure action.

48.     Defendants deny the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of Plaintiff's Complaint and leave Plaintiff to her proofs.   Plaintiff signed documents at the closing acknowledging that she entered into the transaction voluntarily and without any coercion. She was also provided with the right to retain counsel. Plaintiff also entered into an Agreement with E Properties whereby Plaintiff voluntarily agreed to the entry of a judgment for possession and agreed to vacate the premises and surrender possession to E Properties.

50.     Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint and leave Plaintiff to her proofs.

<u>**COUNT III – Conspiracy and Aiding/Abetting**</u>

51.     Defendants repeat and reallege each and every response made in paragraphs 1 through 50 as if more fully set forth herein.

12

52.     The allegations of paragraph 52 seek a legal conclusion to which no response is necessary. To the extent the allegations allege any facts and/or misconduct or wrongdoing by Defendants, those allegations are denied.

53.     The allegations contained in paragraph 53 of Plaintiff's Complaint contain a legal conclusion to which no response is necessary.  However, to the extent that paragraph 53 of Plaintiff's Complaint alleges any facts and/or any misconduct or wrongdoing by Defendants, those allegations are denied.

54.     Defendants deny the allegations contained in paragraph 54 of Plaintiff's Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of Plaintiff's Complaint.

56.     Defendants deny the allegations contained in paragraph 56 of Plaintiff's Complaint.  The agreement of sale, lease and option contract which Plaintiff entered into with E Properties was not illegal.

57.     Defendants deny the allegations contained in paragraph 57 of Plaintiff's Complaint.

### COUNT IV – Equitable Relief

(Defendant Cornerstone Bank)

58.     Defendants repeat and reallege each and every response made in paragraphs 1 through 57 as if more fully set forth herein.

59.     The allegations contained in paragraph 59 of Plaintiff's Complaint are denied.  No loan was given by any Defendant to Plaintiff.  All mortgages on the Property

held by Plaintiff were satisfied at the time E Properties purchased the Property from Plaintiff.

60.     The allegations contained in paragraph 60 of Plaintiff's Complaint are denied.  E Properties purchased Plaintiff's home from Plaintiff. Plaintiff executed a lease which allowed her to lease the Property from E Properties for a year. During that year, Plaintiff could repurchase the Property from E Properties pursuant to the terms of the Option Contract. E Mortgage and E Freedom were not in privity of contract with Plaintiff. Plaintiff never exercised her option to purchase the Property.

61.     Defendants deny the allegations contained in paragraph 61 of Plaintiff's Complaint. However, it is admitted that Plaintiff's existing mortgage loan was delinquent and in foreclosure status, that Plaintiff could continue to occupy the Property pursuant to a lease agreement with E Properties and not E Freedom and a real estate agent was not involved in the sale of the Property from Plaintiff to E Properties. E Mortgage and E Freedom were not in privity of contract with Plaintiff.  All allegations in paragraph 61 as to the Plaintiff's responsibilities are set forth in the closing documents, which include but are not limited to the lease and purchase agreement and those documents speak for themselves.

62.     The allegations in paragraph 62 of the Complaint contain a legal conclusion to which no response is necessary. To the extent facts are alleged, Defendants deny the allegations contained in paragraph 62 of Plaintiff's Complaint.  E Freedom was not in privity of contract with Plaintiff and did not purchase Plaintiff's home.

14

63.     The allegations contained in paragraph 62 of Plaintiff's Complaint are directed to Cornerstone Bank and not to Defendants. However, to the extent paragraph 61 is directed to Defendants, those allegations are denied.  Furthermore, it is admitted that Plaintiff's existing mortgage loan was delinquent and in foreclosure status, that Plaintiff could continue to occupy the Property pursuant to a lease with E Properties and not E Freedom and a real estate agent was not involved in the sale of the Property from Plaintiff to E Properties. Further, all allegations as to the Plaintiff's responsibilities are set forth in the closing documents, which include but are not limited to the lease and purchase agreement and those documents speak for themselves.

64.     Defendants deny the allegations contained in paragraph 64 of Plaintiff's Complaint.

### (COUNT V OMITTED BY PLAINITFF)

### COUNT VI

**Truth-in-Lending-Act ("TILA") Home Ownership and**

**Equity Protection Act ("HOEPA")**

**(Plaintiff v. Cornerstone)**

65.     Defendants repeat and reallege each and every response made in paragraphs 1 through 64 as if more fully set forth herein.

66.     The allegations contained in paragraph 66 of Plaintiff's Complaint are directed to Cornerstone Bank, not Defendants.   However, to the extent paragraph 66 is directed to Defendants, those allegations are denied.

15

67.    The allegations contained in paragraph 67 of Plaintiff's Complaint are directed to Cornerstone Bank, not Defendants.  In addition, the allegations contained in paragraph 67 of Plaintiff's Complaint seek a legal conclusion and therefore, no response is required.    However, to the extent paragraph 67 contain facts and is directed to Defendants, those allegations are denied.

68.    The allegations contained in paragraph 68 of Plaintiff's Complaint are directed to Cornerstone Bank, not Defendants.  In addition, the allegations contained in paragraph 68 of Plaintiff's Complaint seek a legal conclusion and therefore, no response is required.   However, to the extent paragraph 68 is directed to Defendants and alleges that Defendants engaged in misconduct or violated any laws, those allegations are denied.

69.    The allegations contained in paragraph 69 of Plaintiff's Complaint are directed to Cornerstone Bank, not Defendants.  In addition, the allegations contained in paragraph 69 of Plaintiff's Complaint seek a legal conclusion and therefore, no response is required.   However, to the extent paragraph 69 is directed to Defendants and alleges that Defendants engaged in misconduct or violated any laws, those allegations are denied.

WHEREFORE, Defendants E Mortgage Management, LLC, E Freedom Properties, LLC, E Properties, LLC, Gregory Englesbe and Joseph Spagnoletti hereby demand judgment of dismissal of Plaintiff's Complaint, an award of counsel fees and costs and such further relief as the Court deems just and equitable.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. This Court lacks jurisdiction in whole or in part over the subject matter.

3. Plaintiff has failed to mitigate her damages.

4. Plaintiff's claims are barred by the doctrine of laches and unclean hands.

5. Defendants acted at all relevant times hereto with good faith and without any fraud or malice and with reasonable justification for believing their actions were lawful.

6. There is no factual or legal basis for the imposition of punitive damages.

7. Plaintiff's claims are barred by the statute of limitations.

8. Plaintiff's claims are barred by estoppel.

9. Plaintiff's claims are barred or limited by the doctrines of federal abstention, comity and the entire controversy doctrine.

10. The Defendants are not credit repair organizations subject to 15 U.S.C. §1679, et seq. Even if Defendants were subject to 15 U.S.C. §1679, et seq, they did not violate the statute.

11. Gregory Englesbe and Joseph Spagnoletti did not act in their individual capacity, were not in privity of contract with Plaintiff and at all times were acting on behalf of E Properties, LLC. Gregory Englesbe and Joseph Spagnoletti are not personally liable to Plaintiff.

12. Plaintiff's claims are barred based upon the doctrine of waiver.

13.     E Mortgage Management, LLC and E Freedom Properties, LLC were not in privity of contract with Plaintiff.  Consequently, they are not liable to Plaintiff.

14.     Plaintiff voluntarily entered into a contract of sale with E Properties, LLC. As part of the closing, Plaintiff signed a number of "Disclosure Notices" whereby she acknowledged that she willingly and voluntarily entered into the transaction.  One of the Disclosure Notices included a provision which related to Plaintiff's ability to consult with an attorney. Plaintiff acknowledged by signing the Notices that she consulted an attorney or waived her right to do so.  Accordingly, the transaction between Plaintiff and E Properties was entirely proper and did not violate any laws.

15.     Plaintiff signed an agreement entering a judgment for possession and agreeing to vacate the Property.

16.     Defendants did not make any misrepresentations to Plaintiff.

17.     Plaintiff's claims are barred because she assumed all risks involved.

18.     Plaintiff's claims are barred based upon the doctrine of accord and satisfaction.

19.     Plaintiff's claims are barred based upon her contributory negligence.

20.     Plaintiff's claims are barred based upon the doctrines of *res judicata* and collateral estoppel.

21.     The Defendants reserve the right to offer additional defenses, which cannot now be articulated due to Plaintiff's failure to particularize her claims.  Upon further particularization of the claims by Plaintiff, or upon further discovery concerning the alleged claims at issue herein, or upon discovery of further information concerning

these Defendants' defenses, these Defendants reserve the right to assert additional defenses.

WHEREFORE, Defendants E Mortgage Management, LLC, E Freedom Properties, LLC, E Properties, LLC, Gregory Englesbe and Joseph Spagnoletti hereby demand judgment of dismissal of Plaintiff's Complaint, an award of counsel fees and costs and such further relief as the Court deems just and equitable.

## COUNTERCLAIM

(E Properties v. Deidre Davidson a/k/a Deidre Olagunju,
improperly pled as Deidre "Oagunju")

Defendant/Counterclaimant E Properties, LLC ("E Properties") by way of Counterclaim against the Defendant, Deidre Davidson a/k/a Deidre Olagunju ("Olagunju") alleges and states as follows:

## PARTIES

1.      Defendant/Counterclaimant, E Properties is a limited liability company duly formed under the laws of the State of New Jersey with a principal place of business at 222 Haddon Avenue, Haddon Township, New Jersey.

2.      Plaintiff, Deidre Davidson a/k/a Deidre Olagunju upon information and belief resides at 80 Third Street, Somerville, New Jersey.

19

## FACTS

3.      On October 30, 2007, Plaintiff entered into a contract of sale with E Properties to purchase her home which was located at 155 East Cliff Street, Somerville, New Jersey 08876 ("Property").

4.      Plaintiff's home was in foreclosure and in order to prevent Plaintiff from losing her home as a result of the foreclosure, E Properties entered into a contract of sale with Plaintiff whereby Plaintiff sold her Property to E Properties. At the time of the closing, all of Plaintiff's mortgages and obligations with respect to the Property were satisfied.

5.      On October 30, 2007, Plaintiff also entered into a written lease with E Properties whereby E Properties leased the Property to Plaintiff for a one year period, beginning October 30, 2007 and ending on October 31, 2008 at a monthly rent of $1,599.53 except for the first month's rent which was $1,596.18.  Plaintiff also entered into an option contract with E Properties on that same date, which enabled Plaintiff to repurchase her property from Plaintiff, on the condition that she exercised the option pursuant to the terms of that contract.

6.      The lease provides the Plaintiff is responsible to pay E Properties' attorney's fees, expenses and costs in connection with any default under the lease.

7.      A portion of the monies from the closing of the Property were set aside in an account under Plaintiff's name for the rental payments while Plaintiff occupied the Property. The monies were applied to the rent payments during the term of lease.

8.      Plaintiff failed to exercise her option to purchase the Property during the lease term but remained in the Property after the lease expired.

9.      Plaintiff also stopped paying rent to E Properties as of November 2008. As a result, E Properties instituted a summary dispossess action for non-payment of rent against Plaintiff.

10.     In the summary dispossess action, Plaintiff retained counsel and entered into an agreement with E Properties whereby she consented to a judgment for possession being entered and agreed to vacate and surrender possession of the Premises by November 10, 2009 ("Agreement").   The agreement is signed by Plaintiff and her counsel.

11.     Additionally, in the agreement Plaintiff agreed that her personal property must be removed by November 10, 2009 and the Property was to be left in broom clean condition.

12.     Even though Plaintiff did not have to pay any money to E Properties at the time the Agreement was signed, E Properties preserved all of its claims against Plaintiff for monies owed.

13.     Plaintiff did not vacate and surrender possession of the Property as promised in the Agreement. E Properties had to issue the warrant of removal. Ultimately, possession of the Property was returned to E Properties in December 2009.

14.     According to the lease between Plaintiff and E Properties, upon expiration of the lease, Plaintiff was to maintain the Property in as good as condition

21

as existed at the beginning of the term, except for reasonable wear and tear. In the Agreement signed between the Parties, Plaintiff agreed to leave the Property in broom clean condition.

15.     The lease provides that if the Property is not left in as good a condition as existed at the beginning of the lease term, the Plaintiff would be responsible to pay E Properties for all cleaning costs and other costs for repairing damage to the Premises or to any fixtures. Additionally, pursuant to the lease, Plaintiff agreed not to destroy, deface or damage or remove any part of the Property, including but not limited to fixtures in the Property.

16.     Plaintiff left the Property in a state of disrepair. Ceiling fans were removed, leaving exposed electrical wires. The gas range in the kitchen, the sink in the second floor bathroom and the door to the basement was removed by Plaintiff. The rear storm door panel was missing and the garage door was dented. Trash and debris were piled up in the rear yard. The home was left in poor condition and repairs needed to be made to the Property.

## COUNT I

### (Breach of Contract/Enforcement of Agreement)

17.     The Plaintiff vacated the property owing E Properties rent for the period of November 2008 through December 2009 as well as legal fees and costs incurred.

18.     Additionally, according to the Lease, at the end of the term the Plaintiff was required to leave the premises in broom clean and in good condition, reasonable wear and tear excepted.  Plaintiff failed to comply with this provision of the lease as

well as the Agreement the parties' signed.  E Properties incurred costs in restoring the Premises.

19.     Plaintiff also failed to vacate on November 10, 2009 in violation of the Agreement she signed with Plaintiff.

20.     As a result, Plaintiff breached its lease and Agreement with E Properties and E Properties was damaged.

21.     E Properties is entitled to reimbursement for its attorney's fees, costs and expenses as set forth in the lease.

22.     Plaintiff is indebted to E Properties for unpaid rent, damages plus attorney's fees, expenses and costs.  E Properties seeks all damages plus interest and attorney's fees that accrue through the date of trial.

**COUNT II**

**(Unjust Enrichment)**

23.     Plaintiff vacated the property owing E Properties rent.

24.     Plaintiff lived in the Property without paying rent for the period of November 2008 through December 2009. As a result, Plaintiff is unjustly enriched and must pay for such use and occupancy.

25.     Plaintiff is indebted to E Properties for unpaid rent plus attorney's fees, expenses and costs.

**<u>COUNT III</u>**

**(Book Account)**

23

26.     Plaintiff, being indebted to E Properties upon an account stated between them, did promise to pay to E Properties said sum upon demand.

27.     Plaintiff has not paid E Properties and E Properties has been damaged.

## COUNT IV

### (Legal Fees)

28.     Pursuant to the Lease Agreement, Plaintiff is responsible to E Properties for all legal fees, costs and expenses incurred in connection with her default under the lease.

29.     Plaintiff is responsible to pay for all E Properties' legal fees, costs and expenses incurred in connection with the prior eviction action and the within action. E Properties seeks all such fees, costs and expenses through the date of trial.

**WHEREFORE**, E Properties, LLC demands judgment against Deidre Davidson a/k/a Deidre Olagunju for damages, plus pre and post judgment interest, contractual and common law attorney's fees, costs of suit and for such other relief the Court deems just and proper.

s/Tracey Goldstein
Tracey Goldstein
FEINSTEIN, RAISS, KELIN
    & BOOKER, L.L.C.
100 Executive Drive
Suite 360
West Orange, NJ 07052
Tel:(973) 324-5400
Fax: (973) 731-4669
tgoldstein@frkblaw.com
Attorneys for Defendants E Mortgage
Properties, LLC, E Freedom
Properties, LLC, E Properties, LLC,
Gregory Englesbe and
Dated:  September 30, 2010                Joseph Spagnoletti

24

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE, that Defendants E Mortgage Management, LLC E Freedom Properties, LLC, E Properties, LLC, Gregory Englesbe and Joseph Spagnoletti hereby designate Tracey Goldstein, Esquire as its counsel in this matter.

## JURY DEMAND

Defendants Defendants, E Mortgage Management, LLC ("E Mortgage"), LLC, E Freedom, Properties, LLC, ("E Freedom), E Properties, LLC ("E Properties") incorrectly pled as "E-Mortgage Management, LLC, E-Freedom Properties, LLC and E-Properties, LLC, Gregory Englesbe ("Englesbe") and Joseph Spagnoletti, (improperly plead as Joseph Stagnaletti) hereby demand a trial by jury as to all of the issue so triable herein.

<div style="margin-left:50%">

s/Tracey Goldstein
Tracey Goldstein
FEINSTEIN, RAISS, KELIN
   & BOOKER, L.L.C.
100 Executive Drive
Suite 360
West Orange, NJ 07052
Tel:(973) 324-5400
Fax: (973) 731-4669
tgoldstein@frkblaw.com
Attorneys for Defendants E Mortgage Properties, LLC, E Freedom Properties, LLC, E Properties, LLC, Gregory Englesbe and Joseph Spagnoletti

</div>

Dated:  September 30, 2010

## CERTIFICATION PURSUANT TO L.Civ.R. 11.2

The undersigned hereby certifies on behalf of the above named that this matter in controversy is not the subject of another action pending in any other Court, or of any pending arbitration or administrative proceeding.

<div style="margin-left:50%;">

s/Tracey Goldstein
Tracey Goldstein
FEINSTEIN, RAISS, KELIN
    & BOOKER, L.L.C.
100 Executive Drive
Suite 360
West Orange, NJ 07052
Tel:(973) 324-5400
Fax: (973) 731-4669
tgoldstein@frkblaw.com
Attorneys for Defendants E Mortgage Properties, LLC, E Freedom Properties, LLC, E Properties, LLC, Gregory Englesbe and Joseph Spagnoletti

</div>

Dated: September 30, 2010