UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(TRENTON VICINAGE)

Deirdre Davidson a/k/a Deirdre Oagunju,

    Plaintiffs,

v.

Cornerstone Bank   et al.

    Defendants.

Civil Action No. 1:10-cv-02825-NLH -JS

**PLAINTIFF'S ANSWER TO DEFENDANT E-PROPERTIES' AMENDED COUNTERCLAIMS**

1. Admitted.

2. Admitted.

3. Admitted in part, denied in part. Admitted that plaintiff signed a document a document entitled "agreement of sale". It is further denied that plaintiff had any intent to sell her home. Instead, as alleged in the complaint, E-Mortgage by and through Stagnaleti at Englesbe's direction represented to plaintiff that her home would be held in escrow after satisfaction of her old mortgage debt while her credit was rebuilt and she qualified for a new mortgage loan with E-mortgage's assistance.  Furthermore, it is denied that plaintiff had any understanding from her interaction with Stagnaleti that there were different "E" corporate entities with whom she was engaged in the aforesaid agreements.

4. Admitted in part, denied in part. Admitted that plaintiff was in foreclosure. It is denied that a sheriff's sale was "imminent".  It is further denied that E-Properties entered into the contract for sale with plaintiff to prevent her home

       from going into foreclosure, but rather did so with the intended purpose of taking plaintiff's home and extracting the equity therefrom.

5. Admitted in part, denied in part. Admitted that plaintiff entered into a lease as stated. Plaintiff, having no copy in her possession of an option contract referred to by defendants in this averment, denies this portion of the averment and otherwise is without factual knowledge of the option contract document.

6. To the extent that the lease and all documents executed between plaintiff and defendants in connection with the disputed transaction are alleged to be part of a scheme to defraud plaintiff, plaintiff denies any conclusions of law by defendant as to the validity or enforceability of the lease or any other documents executed between the parties.

7. Denied. Strict proof of this averment is demanded at trial.

8. Admitted in part, denied in part. Admitted that plaintiff occupied the property beyond the term stated in the lease. The remainder of this averment is denied for the reasons set forth in answer to paragraph 5 of defendants' counterclaim. Furthermore, defendants advised plaintiff that she could not qualify for a loan to repurchase the home unless she obtained a job which paid the equivalent salary of her prior job at Chubb Insurance.

9. Admitted.

10. Admitted in part, denied in part. Admitted that plaintiff retained counsel and agreed to vacate the property. It is denied that plaintiff signed a written agreement to this effect upon recollection and belief. Defendants have failed to attach a copy of the written agreement they reference.

11. Denied. See prior answer.

12. Denied as conclusion of law to which no answer is required.

13. Plaintiff admits only that the docket in the eviction matter referred to by E Properties speaks for itself.

14. Admitted only that the lease agreement speaks for itself as to repetition by defendants of its stated terms. Plaintiff denies any legal conclusions defendants draw from such terms as stated in answer to paragraph 6 above.

15. Admitted only that the lease agreement speaks for itself as to repetition by defendants of its stated terms. Any legal conclusions defendants draw from such terms are denied as conclusions of law to which no response is required.

16. Admitted in part, denied in part. Admitted that plaintiff took the ceiling fans, bathroom sink, and gas range, that the garage door had been dented since 1998, that the rear storm door screen broken for approximately 3 years prior to the transaction with defendants. The remainder of this averment is denied.

## COUNT I

17. Admitted in part, denied in part. Admitted that plaintiff vacated the property. The remainder of this averment is denied as a conclusion of law.

18. Admitted only that the lease agreement speaks for itself as to repetition by defendants of its stated terms. Any legal conclusions defendants draw from such terms are denied as conclusions of law to which no response is required.

19. Admitted that plaintiff did not vacate the property on November 10, 2009.

20. Plaintiff denies any legal conclusions defendants draw from the terms of the lease agreement as stated in answer to paragraph 6 above.

21. Denied for the reasons stated in answer to the prior paragraph.

22. Denied for the reasons stated in answer to the prior paragraph.

## COUNT II

23. Plaintiff denies any legal conclusions defendants draw from the terms of the lease agreement as stated in answer to paragraph 6 above.  To the extent that Defendants have any equitable claim against plaintiff for reasonable rent, plaintiff claims any such sum as an offset against damages for violations of law alleged by plaintiff in her complaint.

24. Admitted in part, denied in part. Admitted that plaintiff did not pay rent to Defendants in the time period described in this averment.  Plaintiff denies any legal conclusions defendants draw from the terms of the lease agreement as stated in answer to paragraph 6 above.

25. Plaintiff denies any legal conclusions defendants draw from the terms of the lease agreement as stated in answer to paragraph 6 above.

## COUNT III

26. Plaintiff denies any legal conclusions defendants draw from the terms of the lease agreement as stated in answer to paragraph 6 above.

27. Denied insofar as this averment is ambiguous and not susceptible to intelligent response thereby. Admitted only that plaintiff did pay certain monies to the noted Defendant.

## COUNT IV

28. Plaintiff denies any legal conclusions defendants draw from the terms of the lease agreement as stated in answer to paragraph 6 above.

29. Denied for the reasons stated in answer to the prior paragraph.

WHEREFORE, Plaintiff demands judgment in her favor on all Counts of Defendant E-Properties' counterclaim.

Dated: Oct. 1, 2010

/s/ Matthew Weisberg, Esquire
WEISBERG LAW, P.C.
Pa. Id. No. 85570
7 S. Morton Ave.
Morton, PA 19070
(610) 690-0801
Attorneys for Plaintiff

<u>Certificate of Service</u>

    I, Robert P. Cocco, counsel for Plaintiff, hereby certify that I filed the foregoing Plaintiff's Answer to defendant E-Properties' Counterclaim electronically and that all parties of record have been served via ECF email.

Dated: Oct. 1, 2010                  <u>/s/ Matthew B. Weisberg</u>