UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DEIDRE DAVIDSON a/k/a DEIDRA OAGUNJU,<br><br>Plaintiff,<br><br>vs.<br><br>CORNERSTONE BANK, E-MORTGAGE MANAGEMENT, LLC, E-FREEDOM PROPERTIES, LLC, E-PROPERTIES, LLC, GREGORY ENGLESBE and JOSEPH STAGNALETI,<br><br>Defendants. | Document Electronically Filed<br><br>Civil Action No. 1:10-cv-02825- NLH JS<br><br>Return Date: December 6, 2010<br><br>**Response Due Date: November 22, 2010** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' E MORTGAGE MANAGEMENT, LLC, E FREEDOM PROPERTIES, LLC, E PROPERTIES, LLC, GREGORY ENGLESBE AND JOSEPH SPAGNOLETTI (collectively "E-DEFENDANTS") NOTICE OF MOTION TO STRIKE PLAINTIFF'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO E PROPERTIES' AMENDED COUNTERCLAIM AND FOR COUNSEL FEES AND COSTS, AND, ALTERNATIVELY, TO DISMISS PLAINTIFF'S CROSSCLAIM WITH PREJUDICE**

s/Tracey Goldstein
Tracey Goldstein
FEINSTEIN, RAISS, KELIN
    & BOOKER, L.L.C.
100 Executive Drive, Suite 360
West Orange, NJ 07052
Tel:(973) 324-5400
Fax: (973) 731-4669
tgoldstein@frkblaw.com
Attorneys for Defendants E Mortgage Properties, LLC, E Freedom Properties, LLC, E Properties, LLC, Gregory Englesbe & Joseph Spagnoletti

On the Brief:
Tracey Goldstein, Esquire

## TABLE OF CONTENTS

**PAGE**

Table of Authorities .................................................. ii

**STATEMENT OF FACTS AND PROCEDURAL HISTORY** ..................... 1

**LEGAL ARGUMENT** ................................................. 3

**POINT I**

PLAINTIFF'S OCTOBER 5, 2010 PLEADING WAS FILED BEYOND
THE TIME PERIOD ESTABLISHED IN THE COURT'S JULY 28, 2010
SCHEDULING ORDER AND WITHOUT PERMISSION FROM THE COURT ........ 3

**POINT II**

IF THE COURT ALLOWS PLAINTIFF TO FILE HER OCTOBER 5, 2010
PLEADING, PLAINTIFF'S CROSSCLAIM AGAINST THE E-DEFENDANTS
SHOULD BE STRICKEN PURSUANT TO FED. R. Civ. P. 12 (f) ......... 5

**POINT III**

IF THE COURT PERMITS PLANTIFF TO FILE HER CROSSCLAIM, THE
CROSSCLAIM SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO
FED.R.CIV.P. 12(b)(6) ......................................... 6

**CONCLUSION** ...................................................... 11

# TABLE OF AUTHORITIES

**CASES CITED**                                                                 **PAGE**

Ashcroft v. Iqbal,
   129 S.Ct. 1937 (2009) ................................... 7, 8, 9

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) ..................................... 7, 8, 9

Conley v. Gibson,
   355 U.S. 41 (1957) ............................................. 7

Sovereign Bank v. BJ's Wholesale Club, Inc.,
   533 F.3d 162 (3rd Cir. 2008) ................................. 10

The Standard Fire Insurance Co. v. MTU Detroit Diesel, Inc.,
   2010 WL 1379751(D.N.J. March 30, 2010) ..................... 8, 9

**RULES CITED**

Fed. R. Civ. P. 7(a) ............................................. 6

Fed. R. Civ. P. 8(a) ............................................. 6

Fed. R. Civ. P. 12 (b) (6) ............................... 2, 6, 7, 9

Fed. R. Civ. P. 12(f) ............................................ 5

Fed. R. Civ. P. 13(g) ............................................ 6

Fed. R. Civ. P. 16(d)(4) ......................................... 3

Fed. R. Civ. P. 16(b) ............................................ 3

Fed. R. Civ. P. 16(f) ......................................... 4, 5

Fed. R. Civ. P. 16 (f) (1) (C)and(2) ............................. 4

Fed. R. Civ. 37 (b)(2) (A) (ii)-(vii) ............................ 4

L. Civ. R. 16.1(a)(2) ............................................ 3

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On June 7, 2010, Plaintiff filed a Complaint against Defendants, E Mortgage Management, LLC, E Freedom Properties, LLC, E Properties, LLC, Gregory Englesbe, Joseph Spagnoletti (improperly plead as "Stagnaletti"), (collectively "E-Defendants") and Cornerstone Bank ("Bank") in the above-captioned matter. The Complaint essentially alleges that the E-Defendants violated the Credit Repair Organizations Act and made misrepresentations to Plaintiff in connection with a "foreclosure rescue transaction" involving the sale/leaseback of plaintiff's former residence. Plaintiff claims the E-Defendants promised to rescue plaintiff's home by sale and leaseback and then repair her credit such that the Plaintiff would qualify for a loan to repurchase the residence; but then reneged on that promise.

On July 12, 2010, the E-Defendants (other than Joseph Spagnoletti) filed an Answer to the Complaint denying all of the allegations. On that same date, E Properties filed a Counterclaim against Plaintiff for damages for unpaid rent and damage to the property Plaintiff occupied.

On July 21, 2010, Plaintiff filed an Answer to the Counterclaim.

1

On August 17, 2010, Defendant, Cornerstone Bank filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). That motion is still pending.

On September 27, 2010, a Consent Order was executed whereby Defendant Joseph Spagnoletti was granted an extension of time to file an Answer to the Complaint, the E-Defendants were granted permission to file an Amended Answer and E Properties was permitted to file an Amended Counterclaim by September 30, 2010.

On September 30, 2010, the aforesaid pleadings were filed.

On October 1, 2010, Plaintiff filed an Answer to the Amended Counterclaim filed by E Properties. October 1, 2010 was the deadline for all parties to amend pleadings and/or add additional parties pursuant to the Court's July 28, 2010 Scheduling Order.

Without obtaining permission from the Court or counsel, on October 5, 2010, Plaintiff filed an Amended Answer and Affirmative Defenses to E Properties' Amended Counterclaim and filed a Crossclaim against all of the Defendants for indemnification and contribution for all or part of any judgment E Properties may recover against Plaintiff.

**LEGAL ARGUMENT**

**POINT I**

**PLAINTIFF'S OCTOBER 5, 2010 PLEADING WAS FILED BEYOND THE TIME PERIOD ESTABLISHED IN THE COURT'S JULY 28, 2010 SCHEDULING ORDER AND WITHOUT PERMISSION FROM THE COURT**

Plaintiff's October 5, 2010 pleading (which consists of an Amended Answer, Affirmative Defenses and Crossclaim) was filed after October 1, 2010, the deadline set by the Court in its July 28, 2010 Scheduling Order for adding parties and/or amending all pleadings. Plaintiff's noncompliance with the Court Rules and the Court's July 28, 2010 Scheduling Order warrants that Plaintiff's Amended Answer and Affirmative Defenses to the Counterclaim by E Properties be stricken and the Crossclaim be dismissed.

Scheduling orders may be modified upon a showing of good cause. Fed. R. Civ. P. 16(d)(4); L. Civ. R. 16.1(a)(2).

Additionally, paragraph 11 of the Court's July 28, 2010 Scheduling Order provides as follows:

> Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to the expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

3

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P 16(f).**

According to Fed. R. Civ. P. 16(f)(1)(C) and (2), a Court, on motion or on its own, may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii) if a party or its attorney fails to obey a scheduling order or other pretrial order. The Court must, instead of or in addition to any other sanction, order the party, its attorney or both to pay the reasonable expenses-including attorney's fees-incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Plaintiff filed her Amended Answer and Crossclaim for contribution and indemnification on October 5, 2010, which was beyond the October 1, 2010 deadline set forth in the Court's July 28, 2010 Scheduling Order. Counsel did not obtain the Court's permission to file the pleading or request a modification of the Scheduling Order. Further, prior to filing the pleading, good cause for such an amendment was not offered. Filing the pleading after the Court established deadline undermines the purpose of the Scheduling Order and renders the Scheduling Order meaningless. Since Rule 16 allows the Court on motion or on its own to issue just orders, it is respectfully

4

requested that Plaintiff's October 5, 2010 Amended Answer and Affirmative Defenses to E Properties' Counterclaim be stricken and Plaintiff's Crossclaim be dismissed. Further, pursuant to Fed. R. Civ. P. 16(f) it is respectfully requested that the Plaintiff and/or its Plaintiff's counsel be compelled to pay the E-Defendants' counsel fees and costs because of Plaintiff's noncompliance with the Court's Scheduling Order.

### POINT II

**IF THE COURT ALLOWS PLAINTIFF TO FILE HER OCTOBER 5, 2010 PLEADING, PLAINTIFF'S CROSSCLAIM AGAINST THE E-DEFENDANTS SHOULD BE STRICKEN PURSUANT TO FED. R. CIV. P. 12(f)**

Pursuant to Fed. R. Civ. P. 12(f), the Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter on a motion made by a party. The Crossclaim filed by Plaintiff is redundant, immaterial and impertinent and should be stricken.

Fed. R. Civ. P. 7(a) permits only the following pleadings to be filed with the Court:

> **Rule 7.   Pleadings Allowed; Form of Motions And Other Papers**
> **(a)   Pleadings.** Only these pleadings are allowed:
>
>    (1)   a complaint;
>    (2)   an answer to a complaint;
>    (3)   an answer to a counterclaim designated as a counterclaim;
>    (4)   an answer to a crossclaim;
>    (5)   a third-party complaint;

5

      (6)    an answer to a third-party complaint; and
      (7)    if the court orders one, a reply to an answer.

Additionally, Fed. R. Civ. P. 13(g) permits Crossclaims by one party against a **coparty**. (Emphasis supplied)

The Crossclaim filed by Plaintiff against the E-Defendants is not a pleading recognized and authorized by Fed. R. Civ. P. 7(a). Beyond that, Rule 13(g), which applies to Crossclaims, only applies to claims between "coparties." Coparties are parties on the same side. Plaintiff's Crossclaim is asserted against the E-Defendants who are obviously not on the same side as Plaintiff. The Crossclaim is also redundant in that it seeks a judgment against all of the E-Defendants which Plaintiff already sought by way of Complaint.

For the foregoing reasons, it is respectfully requested that Plaintiff's Crossclaim against the E-Defendants be stricken.

### POINT III

**IF THE COURT PERMITS PLAINTIFF TO FILE HER CROSSCLAIM, THE CROSSCLAIM SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Fed. R. Civ. P. 8(a)(2) requires only that a Complaint contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the

6

defendant fair notice of what the … claim is and the ground upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544 (2007) Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may seek dismissal of a Complaint for failure to state a claim upon which relief can be granted. The Supreme Court in Bell Atlantic v. Twombly, 550 U.S. at 544, rejected the language in Conely v. Gibson, 355 U.S. 41, 45-46 (1957) that a District Court may not dismiss a Complaint "unless it appears beyond a doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In rejecting that language, the Supreme Court in Twombly held that to survive a motion to dismiss, a Complaint need not provide detailed factual allegations. Id. at 555-56  However, it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Id. at 555

In considering a motion to dismiss, the Court must accept as true all the factual allegations in the Complaint. Id. Dismissal is appropriate only if, accepting all of the facts alleged in the pleading as true, the party has failed to plead enough facts to state claim to relief that is plausible on its face. Id. at 570  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009),

7

citing Twombly, supra  "The plausibility standard is not akin to 'probability requirement,' but it asks for more than a shear possibility that a defendant has acted unlawfully." Id.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id.

There are two principles which support the Supreme Court's decision in Twombly.  First, the tenet that a Court must accept a Complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements and legal conclusions.  Second, only a Complaint that states a plausible claim for relief survives a motion to dismiss. Id.

"While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, at 1949-1950  Where Crossclaims for contribution and indemnification are asserted, it is insufficient to plead mere legal conclusions that defendants are liable under doctrines of contribution and indemnification. The Standard Fire Insurance Co. v. MTU Detroit Diesel, Inc., 2010 WL 1379751 (D.N.J. March 30, 2010)(see attached).  Further, a Crossclaim for contribution and

8

indemnification must include factual allegations explaining how defendants may be liable and how defendants were negligent or why their alleged negligence was primary and defendant's was secondary. See, The Standard Fire Ins. Co. v. MTU Detroit Diesel, Inc., at 2010 WL 1379751.

Plaintiff's Crossclaim alleges as follows:

> If the Defendant E-Properties sustained damages in the manner alleged, and if it is found that plaintiff is liable to said defendant, then plaintiff is entitled to indemnification and/or contribution and judgment against all defendants for all or part of any judgment Defendant E-Properties may recover against Plaintiff.

The allegations in Plaintiff's Crossclaim are entirely deficient under the standards set forth in Fed. R. Civ. P. 12(b)(6) as applied by the Supreme Court in Twombly, supra and Iqbal, supra. Plaintiff's Crossclaim against the E-Defendants is absolutely devoid of any facts. It does not allege any basis for Plaintiff's contribution and/or indemnification claims or cite to any contractual provision that creates any alleged obligation for contribution and indemnification. Moreover, the allegations merely lump the E-Defendants and Defendant, Cornerstone Bank together without factually distinguishing each Defendants' alleged conduct or the basis for liability from each.

It cannot go overlooked that Plaintiff's claims for contribution and indemnification against E Properties are

9

absurd. If a judgment is obtained against Plaintiff by E Properties, pursuant to Plaintiff's Crossclaim for contribution and indemnification, E Properties would have to pay itself since it is named as a Defendant. This is utterly ridiculous and makes absolutely no sense.

Beyond that, under Plaintiff's claim for contribution, Plaintiff must allege that the E-Defendants have a common liability with the Plaintiff, which Plaintiff has not done. Even if Plaintiff alleged any facts to support her claim, such a claim cannot exist. None of the other Defendants owe rent or have a rental obligation to E Properties.

With respect to Plaintiff's claim for indemnification, indemnification is a fault shifting mechanism. <u>Sovereign Bank v. BJ's Wholesale Club Inc.</u>, 533 F.3d 162 (3rd Cir. 2008) Plaintiff would have to allege and demonstrate that the E-Defendants were joint tortfeasors or joint obligors with respect to Plaintiff's obligation not to damage the property or to pay rent to E Properties under the lease.

Respectfully, the proposed Crossclaim is entirely bare and consists of nothing more than a legal conclusion that if E Properties obtains a judgment against Plaintiff, Plaintiff is entitled to indemnification and contribution and a judgment against all Defendants. Since Plaintiff's proposed Crossclaim against the E-Defendants consists of nothing more than legal

10

conclusions without any factual basis, it fails to state a claim upon which relief may be granted and must be dismissed.

## CONCLUSION

For all of the foregoing reasons, the E-Defendants respectfully request the Court enter the accompanying form of Order striking the Plaintiff's October 5, 2010 pleading and awarding the E-Defendants' attorney's fees and costs or alternatively, dismissing Plaintiff's Crossclaim against the E-Defendants with prejudice.

s/Tracey Goldstein
Tracey Goldstein
FEINSTEIN, RAISS, KELIN
    & BOOKER, L.L.C.
100 Executive Drive
Suite 360
West Orange, NJ 07052
Tel:(973) 324-5400
Fax: (973) 731-4669
tgoldstein@frkblaw.com
Attorneys for Defendants E Mortgage, LLC, E Freedom Properties, LLC, E Properties, LLC, Gregory Englesbe and Joseph Spagnoletti

Dated: October 26, 2010

11

Westlaw.

Page 1

Slip Copy, 2010 WL 1379751 (D.N.J.)
**(Cite as: 2010 WL 1379751 (D.N.J.))**

H
Only the Westlaw citation is currently available.NOT FOR PUBLICATION

United States District Court,
D. New Jersey.
The STANDARD FIRE INSURANCE COMPANY, Plaintiff,
v.
MTU DETROIT DIESEL, INC., et al., Defendants.
**Civil Action No. 07-3827 (GEB).**

March 30, 2010.

Michael E. Stern, Rubin, Fiorella & Friedman, LLP, New York, NY, for Plaintiff.

John C. Falls, Christie, Pabarue, Mortensen & Young, PC, Philadelphia, PA, Michael Thomas Kearns, Hoagland, Longo, Moran, Dunst & Doukas, LLP, New Brunswick, NJ, for Defendants.

**MEMORANDUM OPINION**

BONGIOVANNI, United States Magistrate Judge.

*1 Currently pending before the Court is Defendant Johnson & Towers, Inc.'s ("J & T") motion to amend its Answer in order to assert crossclaims against MTU Detroit Diesel, Inc. ("MTU") for contribution and indemnification. [Docket Entry No. 38]. MTU opposes J & T's motion. The Court has fully reviewed the papers submitted in support of and in opposition to J & T's motion, and considers same without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth below, J & T's motion to amend is DENIED.

**I. Background**

In 2003, Peter Cherasia ("Cherasia"), a non-party in this matter, purchased a motor yacht that was equipped with two 12V2000 marine diesel engines. After purchasing the yacht, Cherasia obtained a policy of marine insurance from The Standard Fire Insurance Company ("Standard") insuring same. On August 25, 2005, a fuel leak occurred at the yacht's starboard main engine, which resulted in a fire that damaged the yacht. Due to the damage caused by the fire, Standard paid approximately $510,000.00 for repairs to the yacht.[FN1]

> FN1. A second fuel leak, which also resulted in a fire, occurred on or about June 2, 2006 at the yacht's port main engine. As with the first fire, Cherasia's yacht was similarly damaged by this one. The June 2006 incident, however, is not at issue as all disputes related to this second fire have been settled.

On August 1, 2007, Standard filed a Complaint against MTU, the manufacturer of the engine used in Cherasia's yacht, asserting product liability claims. In its Complaint, Standard seeks to recover damages from MTU related to the cost of repairs made to Cherasia's yacht as a result of the August 25, 2005 fire. Standard later amended its Complaint to add claims against J & T, the distributor and servicer of the engine at issue. As set forth in its Amended Complaint, Standard's claims against J & T stem from J & T's alleged failure to perform maintenance on the engine at issue in a non-negligent and workman like manner. On August 6, 2008, after being served with Standard's Amended Complaint, J & T filed its Answer to same in which it also asserted several separate defenses. J & T now seeks to amend its Answer in order to assert crossclaims against MTU for contribution and indemnification.

J & T argues that it should be permitted to amend its Answer in order to bring claims against MTU for contribution and indemnification pursuant to FED.R.CIV.P. 15(a), which "mandates that leave to amend shall be 'freely given.' " (J & T Br. at 4

Page 2

Slip Copy, 2010 WL 1379751 (D.N.J.)
**(Cite as: 2010 WL 1379751 (D.N.J.))**

(quoting Rule 15(a))). J & T claims that its motion should be granted because "[t]he specific language contained in the indemnification clause of the Distributor Agreement serves as the basis for Johnson & Towers' crossclaim for indemnification." (*Id.* at 5). J & T further claims that "the assertion of a crossclaim for contribution is permissible based on the discovery to date." (*Id.*) In addition, J & T argues that for purposes of succeeding on its motion to amend, it does not need to prove the merits of its proposed crossclaims for contribution and indemnification. Instead, J & T argues that its motion can only be denied upon a showing that its proposed crossclaims are futile (i.e., they would not survive a motion to dismiss). Indeed, J & T claims that "the only basis for denying the motion would be if defendant MTU could demonstrate that, 'it appears beyond doubt that the party can prove no set of facts in support of the claim which would entitle the party to relief[,]' " a showing that J & T claims MTU cannot make (*Id.*)

*2 MTU opposes J & T's motion to amend, which J & T filed more than a year and a half after it was brought into this case, arguing that J & T's proposed crossclaims for contribution and indemnification are futile. First, with respect to J & T's argument that the Distributor Agreement supports its proposed crossclaim for indemnification, MTU argues that a simple review of that Agreement and Standard's claims against J & T as asserted in the Amended Complaint establishes that the Distributor Agreement does not support J & T's claim for indemnification. In this regard, MTU argues that the Distributor Agreement "essentially provides for indemnification for claims asserted against a Distributor where there are no allegations of direct fault against the Distributor[.]" (MTU Opp'n Br. at 3). MTU further argues that the Distributor Agreement also clearly indicates that where allegations other than those set forth in the indemnification provision are pursued, MTU does not have to indemnify the Distributor. (*Id.*) Here, MTU claims that Standard's "Amended Complaint clearly asserts claims against J & T based on J & T's **own conduct**-J & T's alleged breach of the implied warranty of workmanlike service for the service work it performed on the engine at issue and/or J & T's own negligent repair work." (*Id.*) MTU further contends that "J & T's motion to amend does not even attempt to explain how claims of J & T's own negligence/wrongful conduct fall under the indemnification provision of the Agreement." (*Id.*) As such, MTU argues that J & T's proposed crossclaim for indemnification based on the Distributor Agreement would fail as a matter of law and consequently is futile.

Similarly, MTU argues that to the extent J & T is also seeking to assert crossclaims for contribution and indemnification based on tort theories, those claims are likewise futile. Specifically, MTU contends that while "not mentioned anywhere in J & T's brief," J & T's proposed Amended Answer with Crossclaims also asserts claims of contribution against MTU "based on a claim that J & T and MTU-DD are 'joint tortfeasors' and/or under the Comparative Negligence Act." (*Id.* at 4 (citing J & T's proposed Amended Answer and Crossclaims)). MTU argues that these claims are also futile because "under New Jersey law, when the only damage at issue is property damage to the product at issue, negligence-based claims are barred by New Jersey's economic loss doctrine." (*Id.*)

**II. Analysis**

Here, J & T's motion to amend its Answer in order to assert crossclaims for contribution and indemnification was filed on January 14, 2010. The Court notes that pursuant to the terms of the Pretrial Scheduling Order entered in this matter, motions to amend the pleadings were initially scheduled to be filed no later than May 23, 2008. [Docket Entry No. 9]. That date was later extended by Court Order to June 13, 2008. [*See* Docket Entry No. 10]. As a result, in order for the instant motion to be considered timely, the Court must modify the deadline for amended pleadings set forth in the Court's previous scheduling orders.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 1379751 (D.N.J.)
(Cite as: 2010 WL 1379751 (D.N.J.))

*3 Prior scheduling orders may be modified upon a showing of good cause. FED.R.CIV.P. 16(b)(4); L.Civ.R. 16.1(a)(2). Generally speaking, a showing of good cause requires the party seeking the modification of the scheduling order to establish that "despite its diligence, it could not reasonably have met the scheduling order deadline." *Hutchins v. United Parcel Service, Inc.*, No. 01-CV-1462 WJM, 2005 WL 1793695, *3 (D.N.J. July 26, 2005). Here, J & T does not address the need to modify the date for its motion to amend its Answer. Nevertheless, the Court finds that good cause exists to permit J & T's motion to be heard and as such the Court shall *nunc pro tunc* extend the deadline for filing such motions up to and including January 14, 2010.

In coming to this conclusion, the Court notes that J & T did not file its Answer in this case until August 6, 2008, at which time the deadline for filing motions to amend the pleadings had already passed. Thus, while the Court does not condone J & T's failure to seek a modification of the scheduled deadline, [FN2] given the fact that that deadline expired before J & T filed its initial Answer in this matter, the Court finds good cause to modify its prior scheduling order. As such, the Court considers J & T's motion to amend pursuant to the more liberal standards outlined in FED.R.CIV.P. 15(a).

> FN2. The Court notes that after becoming involved in this matter, J & T had several opportunities to request an extension of the deadline for filing motions to amend the pleadings. For example, J & T could have raised the issue during one of the seven telephone conferences that occurred in this matter after it became involved in same. Similarly, J & T could have sought the extension when other modifications to the scheduling order were made. In this regard, the Court notes that since J & T filed its Answer, the scheduling order has been substantially modified on three separate occasions and yet not once did J & T raise the issue that it might seek to file a motion to amend.

According to Rule 15(a), leave to amend the pleadings is generally given freely. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir.2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir.2004).

Here, MTU opposes J & T's proposed amendments solely on futility grounds. Consequently, the Court shall begin its analysis by examining whether J & T's proposed amended crossclaims are futile. A proposed amendment is appropriately denied where it is futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J.1990) (internal quotation marks and citations omitted). In determining whether an amendment is "insufficient on its face," the Court employs the Rule 12(b)(6) motion to dismiss standard (*see Alvin*, 227 F.3d at 121) and considers only the pleading, exhibits attached to the pleading, matters of public record and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993).

*4 While J & T argues that "the only basis for denying [its] motion would be if defendant MTU could demonstrate that, 'it appears beyond doubt that the party can prove no set of facts in support of the claim which would entitle the party to relief[,]' " J & T is incorrect. (J & T Br. at 5). The standard quoted without citation by J & T in its brief was

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 1379751 (D.N.J.)
(Cite as: 2010 WL 1379751 (D.N.J.))

that set forth by the Supreme Court in *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957): "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." However, two recent Supreme Court cases have clarified the Rule 12(b)(6) standard and have, in fact, "abrogated the rule established in *Conley v. Gibson[.]*" *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.,* Civ. No. 97-cv-3496 DRD, 2009 WL 5064757, *2 (D.N.J. Dec.16, 2009). Those case are *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

When considering whether a pleading would survive a Rule 12(b)(6) motion, the Court must accept all facts alleged in the pleading as true and draw all reasonable inferences in favor of the party asserting them. *Lum v. Bank of Am.,* 361 F.3d 217, 223 (3d Cir.2004). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.,* Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Twombly,* 550 U.S. at 570). In other words, the facts alleged must be sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. While a pleading does not need to contain "detailed factual allegations," a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly,* 550 U.S. at 555 (citation omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Further, although the Court must, in assessing a motion to dismiss, view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey,* 481 F.3d 187, 211 (3d Cir.2007). Indeed, in evaluating the sufficiency of a pleading, the Court has an obligation to "distinguish factual contentions ... from '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Walsh Sec., Inc.,* 2009 WL 5064757, at *3 (quoting *Iqbal,* 129 S.Ct. at 1949). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal,* 129 S.Ct. at 1950 (internal quotation marks and citation omitted). As a result, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*

*5 J & T seeks leave amend his Answer in order to assert a 3-count Crossclaim, which consists of five separate paragraphs and three "Wherefore" statements. Of the five paragraphs, two simply note that J & T "repeats and realleges each and every allegation contained in the First Count as if the same were more fully set forth at length herein and made a part hereof." (J & T Proposed Crossclaims at Second Count, ¶ 1; Third Count, ¶ 1). The three remaining paragraphs read as follows:

### *FIRST COUNT*

1. Although this Defendant, Johnson & Towers, Inc., denies any liability whatsoever, it nonetheless asserts that any and all injuries and damages sustained by the Plaintiff were the proximate result of the negligence of co-Defendant, MTU Detroit Diesel, Inc., and demands contribution pursuant to the Joint Tortfeasors Contribution Act, *N.J.S.A.* 2A:53A-1, et seq., and the Comparative Negligence Act of New Jersey from Co-Defendant, MTU Detroit Diesel, Inc., for the proportionate share of any and all sums that may be adjudged against this Defendant in this action....

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 1379751 (D.N.J.)
(Cite as: 2010 WL 1379751 (D.N.J.))

### *SECOND COUNT* ...

2. Although this Defendant, Johnson & Towers, Inc., denies any liability whatsoever, it nonetheless asserts that any and all injuries and damages sustained by the Plaintiff were the proximate result of the negligence of Co-Defendant, MTU Detroit Diesel, Inc., which negligence was primary and active, and if this Defendant is found liable to the Plaintiff with respect to said injuries and damages, such liability resulted solely from secondary, imputed, vicarious or passive negligence, and Co-Defendant aforesaid are liable to this Defendant, by way of common law and/or contract to indemnify and defend Defendant, and to hold and save Defendant harmless from any and all claims as to the subject incident and damages and for any and all sums which this Defendant may be required to pay in this action....

### *THIRD COUNT* ...

2. This Defendant, Johnson & Towers, Inc., asserts that Co-Defendant, MTU Detroit Diesel, Inc., had a contractual obligation to provide defense and indemnification to Johnson & Towers, Inc., with respect to all claims for damages asserted in this lawsuit, and Defendant, MTU Detroit Diesel, Inc. has breach that contractual obligation. (Kearns Cert. at Ex. D, Proposed Amended Answer and Crossclaims at 8-9).

A review of the above-referenced substantive allegations contained in J & T's proposed crossclaims establish that they are completely deficient under the standards set forth by Rule 12(b)(6), as applied by the Supreme Court in *Twombly* and *Iqbal*. While the crossclaims do not need to contain "detailed factual allegations," they must set forth sufficient facts to raise J & T's "right to relief above the speculative level." *Twombly*, 550 U.S. at 555. J & T's proposed crossclaims, which are devoid of any facts, fail to meet this standard. Simply put, J & T's proposed crossclaims consist of nothing more than "a formulaic recitation of the elements of" claims for contribution and indemnification. *Id*. As such, they "will not do." *Id.*

*6 For example, J & T's first proposed counterclaim for contribution simply states that any damages suffered by Standard were "the proximate result of the negligence" of MTU and "demands contribution pursuant to the Joint Tortfeasors Act ... and the Comparative Negligence Act of New Jersey[.]" (Kearns Cert. at Ex. D, Proposed Amended Answer and Crossclaims at 8). J & T does not specify how MTU was negligent or provide any facts regarding why the Joint Tortfeasors Act and/or Comparative Negligence Act are applicable to MTU's alleged conduct in this matter. Similarly, J & T's second proposed counterclaim for indemnification based on "common law and/or contract" formulaically recites that the damages suffered by Standard were "the proximate result of the negligence" of MTU, "which negligence was primary and active" and states that if J & T is found liable to Standard with respect to the aforementioned damages, then "such liability resulted solely from secondary, imputed, vicarious or passive negligence" and as such, MTU will be liable for same to J & T. (*Id.* at 9). Again, J & T's proposed crossclaim does not set forth any facts explaining how MTU was negligent or why MTU's alleged negligence was primary and J & T's secondary.

Likewise, J & T's third proposed crossclaim merely provides that MTU "has a contractual obligation to provide defense and indemnification to Johnson & Towers, Inc., with respect to all claims for damages asserted in this lawsuit," and that MTU "has breached that contractual obligation." (*Id.*) The crossclaim does not cite to the contractual provision that creates the alleged obligation, nor does it provide any facts establishing that the claims brought by Standard against J & T are of the type covered by the indemnification provision or that J & T complied with the contract's provision for requesting indemnification. Further, with respect to this crossclaim, the Court has had the benefit of re-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 1379751 (D.N.J.)
(Cite as: 2010 WL 1379751 (D.N.J.))

Page 6

viewing the Distributor Agreement that contains the indemnification provision relied upon by J & T, as it was attached to J & T's moving papers and relied upon by MTU in its opposition. The Court's review of that provision in conjunction with Standard's claims asserted against J & T indicates that the type of claims brought against J & T are not covered by the indemnification provision. J & T's failure to include any factual allegations to the contrary is also fatal to its crossclaim.

Thus, because J & T's proposed crossclaims consist of nothing more than legal conclusions, the Court finds that they fail "to state a claim to relief that is plausible on its face" ( *Twombly,* 550 U.S. at 570), and, as such, do not "allow[ ] the court to draw the reasonable inference that [MTU] is liable for the misconduct alleged ." *Iqbal,* 129 S.Ct. at 1949. As a result, the Court finds that J & T's proposed crossclaims would not survive a Rule 12(b)(6) motion to dismiss. Consequently, the Court finds that J & T's proposed crossclaims are futile, and J & T's motion to amend is therefore denied. [FN3]

> FN3. Because the Court denies J & T's motion to amend on futility grounds, the Court does not address whether J & T's motion would also be denied on other grounds.

### III. Conclusion

*7 For the reasons stated above, J & T's motion to amend is DENIED. An appropriate Order follows.

D.N.J.,2010.
Standard Fire Ins. Co. v. MTU Detroit Diesel, Inc.
Slip Copy, 2010 WL 1379751 (D.N.J.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.