# <u>Weisberg Law, P.C.</u>
## also t/a Consumer Justice Alliance
*Attorneys at Law*

**7 South Morton Avenue**
**Morton, Pennsylvania 19070**
**Ph: 610.690.0801**
**Fax: 610.690.0880**

<u>Philadelphia County, Pennsylvania</u>
1500 Walnut St., Ste. 1100
Philadelphia, PA 19102

<u>Camden County, New Jersey</u>
Two Aquarium Dr., Ste. 200
Camden, NJ 08103

*Matthew B. Weisberg\*^*
*Graham F. Baird^*
*Robert P. Cocco~+*

\*NJ & PA Office Manager
^Licensed in PA & NJ
~Licensed in PA
+Of Counsel

Web-Site:  **www.weisberglawoffices.com**
E-Mail:  mweisberg@weisberglawoffices.com

*Thursday, February 24, 2011*

<u>**Via Fax (856) 757-5355 & ECF**</u>
Magistrate Judge Joel Schneider

    RE:    <u>Deirdre Davidson v. Cornerstone Bank, et al.</u>
           No.:    10-2825

Dear Judge Schneider:

    Kindly allow this corrective correspondence following our February 23, 2011 status conference:

    As this Honorable Court may recall, at our conference the undersigned (plaintiff's counsel) was surprised to learn from Attorney Blum (co-defendant's counsel) that plaintiff's Amended Complaint had been filed.  This Honorable Court likewise indicated its surprise as did it appear Attorney Goldstein (co-defendant's counsel).  The undersigned remarked that it likely was filed by his assistant.  After the call, the undersigned investigated and determined that his assistant filed the "wrong" (rough draft) copy of the Amended Complaint (as Attorney Goldstein noted at our conference, the Complaint, for example, was incorrectly titled "Second" Amended Complaint and did not contain a treble damages count – both contrary to the undersigned's belief as to the substance of the Complaint, it not being before the undersigned).  Immediately, the undersigned's secretary contacted the Clerk of Courts to advise of this filing's error.  The Clerk advised the docket would indicate that it was filed in error and that an "amended" Amended [sic] Complaint would be acceptable.

    While plaintiff believes this "amended" Amended Complaint (final version) would cure the undersigned's inadvertence (having already been granted leave towards an Amended Complaint via the District Court), if this Honorable Court holds otherwise and requires a more

Case 1:10-cv-02825-NLH -JS   Document 56   Filed 02/25/11   Page 2 of 2 PageID: 515

formal motion to correct the docket plaintiff will, of course, comply with any of Your Honor's directives.

As to the prospect of settlement, the undersigned <u>incorrectly</u> indicated this matter having a potential for settlement at: $50,000.00 or so.  At the time the undersigned mis-spoke, the undersigned was thinking solely of the Truth-In-Lending Act's remedy in conjunction with the property's perhaps present value, and not the overall relief available. While plaintiff believes a settlement conference would be fruitful, the undersigned here clarifies that plaintiff's instant settlement demand is: $160,000.00 (roughly equivalent to her equity).  If defendants likewise no longer believe a settlement conference would be fruitful (contrary to the undersigned's ongoing belief), by copy, Plaintiff requests defendants advise (via e-mail) the undersigned which will then be conveyed to this Honorable Court; if all parties still believe settlement conference to be likely fruitful, Your Honor will not hear from the undersigned as all parties will rely upon this Honorable Court's scheduling order vis-à-vis settlement conference.

The undersigned as well as plaintiff apologizes to this Honorable Court as well as all parties for any miscommunication at our status conference of which this correspondence seeks to cure.  To be clear: (1) an "amended" Amended Complaint will soon be filed consistent with the District Court's recent opinion and order unless this Honorable Court requires otherwise in light of plaintiff's counsel's filing inadvertency; and (2) plaintiff's settlement demand is: $160,000.00 (negotiable), and plaintiff will advise this Honorable Court only in the event defendants advise the undersigned that a settlement conference would no longer be fruitful (otherwise, all parties will see this Honorable Court as scheduled).  While the undersigned did not anticipate the mis-filing of the Amended Complaint nor substantive settlement discussions occurring at our status conference (on the contrary, merely the prospect of discovery deadline extension so to accommodate a settlement conference and Amended Complaint consistent with Attorney Blum's correspondence to this Court), the undersigned and plaintiff, again, apologize for any inconvenience caused by our miscommunication.

Thank you for this Honorable Court's and all parties' consideration of this clarifying correspondence.

        Sincerely,

        /s/ Matthew B. Weisberg
        MATTHEW B. WEISBERG

MBW/hcm
cc:    Joseph H. Blum, Esq.
       Tracey Goldstein, Esq.
       **(via ECF only)**